UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Physicians Weight Loss Centers of America, Inc., | ) | |
| | ) | CASE NO. 5:12CV2607 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Physicians Weight Loss Clinic, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

On February 21, 2013, Plaintiff moved for default judgment in this matter, demonstrating

that proper service had been made and that no responsive pleading had been filed by Defendant.

On March 4, 2013, a letter was received from Dr. Khaled Elbanna. The letter could be construed as

an answer to the complaint in that it "den[ies] all charges brought … by the plaintiff" and then lists

numerous reasons for the denial.

However, the Court notes that while 28 U.S.C. § 1654 allows an individual to proceed *pro*

*se* in a federal case, it does not permit an individual to represent a corporation. *U.S. S.E.C. v.*

*Merklinger,* 2010 WL 2232224 * 1 (E.D.Mich., May 27, 2010) (citing *Doherty v. American*

*Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)). , 426 F.2d 1385, 1386 (6th Cir.1970) (a

corporation must appear by counsel or not at all). The rule applies to owners or officers of

corporations, prohibiting them from appearing on behalf of the corporation. *Merklinger*, at *2;

*Harris v. Akron Dept. of Public Health*, 10 Fed. App'x 316, 319 (6th Cir. 2001).   As Dr. Elbanna

cannot file an answer upon behalf of the business entity, the Court cannot construe the letter as an

answer.

Moreover, the Court would note that service was completed in this matter on November 5, 2012.  The letter to the Court was not received until March 4, 2013, more than 3 months beyond the time for filing an answer.   There has been no motion filed for leave to file an answer, nor has there been any showing of excusable neglect to allow for an untimely filing.   Accordingly, at this time, the motion for default judgment is GRANTED.

Plaintiff is entitled to a permanent injunction against Defendant on Plaintiff's claims for trademark infringement under 15 U.S.C.§ 1114(1), unfair competition under 15 U.S.C. §1125(a), and cyberpiracy under 15 U.S.C. §1125(d).  Plaintiff likely has been and will continue to be irreparably injured in its patent rights, its reputation and its sales, and has no adequate remedy at law for these injuries which cannot be readily calculated.  The balance of hardships favor Plaintiff.; The public interest will not be harmed by grant of a permanent injunction. Accordingly, the Court hereby GRANTS Plaintiff's motion for default and ORDERS as follows:

That Physicians Weight Loss Clinic, its servants, agents, and employees, and all other persons in privity and/or in active concert or participation with them and/or having knowledge of such injunction, and its successors and assigns, are hereby enjoined and restrained from any further infringement of U.S. Registration No. 1,341,585 through the use of the marks "PHYSICIANS WEIGHT LOSS" and "PHYSICIANS WEIGHT LOSS CLINIC" in connection with providing information and services related to weight reduction and control, as shown in Exhibit B to the Complaint, and through the use of the domain name www.physiciansweightlossc1inic.com. or any other mark or marks or domain name likely to cause confusion, or to cause mistake, or to deceive, purchasers as to the source, origin and sponsorship of Defendant's services, and to mislead the public into believing that Defendant's services are approved, sponsored or authorized by Plaintiff, or that the integrity or quality of Defendant or its

services is vouched for by Plaintiff.

That within thirty (30) days of this Order, Defendant transfer the domain name registration for the domain name "physiciansweightlossc1inic.com" to Plaintiff.

That within thirty (30) days of this Order, Defendant provide to Plaintiff an accounting for Defendant's sales of its services, from their introduction to date, such accounting to include unit and dollar volumes of sales and related profitability, and that Plaintiff move this Court for a hearing on damages within sixty (60) days of receipt of such accounting.

IT IS SO ORDERED.


March 20, 2013                                    */s/ John R. Adams*
Dated                                            JUDGE JOHN R. ADAMS
                                                 United States District Judge